**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH A. WILLIAMS,<br><br>              Plaintiff,<br><br>       v.<br><br>MACOMBER, *et al.*,<br><br>              Defendants. | No. 1:25-cv-02063 KES BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE<br><br>Doc. 11 |

Joseph A. Williams asserts he suffered violations of his civil rights while incarcerated at Kern Valley State Prison. *See generally* Doc. 1.  Williams moved to proceed in forma pauperis and CDCR provided a copy of his trust account statement.  Doc. 2, 7.  Upon review of Williams' trust account statement, the Court found Williams had sufficient funds to pay the filing fee.  Docs. 9, 11.  On February 17, 2026, the Court ordered Williams to pay the $405.00 filing fee in full within 21 days and warned him that failure to do so would result in dismissal.  Doc. 11

On March 3, 2026, Williams filed a copy of his trust account statement dated January 28, 2026, asserting he does not have funds available to proceed.  Doc. 12.  Importantly, the trust account statement shows that Williams had sufficient funds to pay the filing fee when he initiated this action on December 30, 2025.  *Id.*  The statement also shows that Williams made several voluntary withdrawals after filing this action—totaling $2,000.00—which would have been more than sufficient to pay the $405.00 filing fee in this action.  *Id.*

1

The Court is entitled to consider the economic priority that an IFP applicant places on the use of his money.  *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citing *Alexander v. Carson Adult High School,* 9 F.3d 1448, 1449 (9th Cir. 1993)).  The Court therefore may consider an inmate's use of available funds for items other than payment of the filing fee. *Olivares*, 59 F.3d at 112; *Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir. 1987). The subsequent voluntary withdrawals of funds by Williams does not support his application to proceed without payment of fees. As Williams declined to pay the appropriate filing fee, this case cannot proceed.  *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (public interest "always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  As Williams delayed the action though his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal.  Finally, the Court's warning to Wiliams that the matter would be dismissed if he failed to pay the filing fee satisfies the requirement of considering alternative sanctions.  *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Williams' failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

///

///

///

Based upon the foregoing, the Court **ORDERS**:

1.      The action is **DISMISSED** without prejudice.

2.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    March 20, 2026

_____
UNITED STATES DISTRICT JUDGE

3