**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| JOSEPH A. WILLIAMS, | No.  1:25-cv-02063-KES-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS TO RE-OPEN CASE |
| v. | ORDER VACATING JUDGMENT AND DIRECTING CLERK OF COURT TO REOPEN ACTION |
| MACOMBER, *et al.*, | |
| Defendants. | ORDER DIRECTING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN 30 DAYS |
|  | Docs. 15, 16 |

Joseph A. Williams is a state prisoner who asserted he suffered violation of his civil rights while incarcerated at Kern Valley State Prison. *See generally* Doc. 1.  Williams requests that the Court re-open this action and permit him to pay the filing fee to proceed. *See* Docs. 16, 16.  For the reasons set forth below, Williams' motions for relief from the judgment and to reopen the case are GRANTED.

**I.      Background**

Williams moved to proceed in forma pauperis when he initiated this action, after which the CDCR provided a certified copy of Williams' trust account statement.  Docs. 2, 7.  Upon review of the statement, the magistrate judge found Williams had sufficient funds to pay the court's filing fee.  Doc. 9 at 1.  The magistrate judge issued findings and recommendations recommending that the court deny the motion to proceed in forma pauperis and direct Williams to pay the filing fee.  *Id.*  Williams did not file objections.

1

On February 17, 2026, the Court found Williams had sufficient funds to pay the filing fee and ordered him to pay the $405.00 filing fee in full within 21 days.  Doc. 11.  The Court warned Williams that the failure to do so would result in dismissal.  *Id.*  After Williams did not pay the filing fee, the Court dismissed the action without prejudice.  Doc. 13.  The Clerk of Court entered judgment on March 20, 2026.  Doc. 14.

On April 17, 2026, Williams filed a motion to reopen the action.  Doc. 15. Williams claims the findings and recommendations were received late.  *Id.*  He asserts that he has $405.00 in cash and that his brother will pay the filing fee.  Williams asks the Court to accept payment and to allow him to proceed with this case.  *Id.*

On May 27, 2026, Williams filed a further letter to the Court regarding reopening the case.  Doc. 16.  Wiliams acknowledges his case was dismissed due to not paying the full filing fee.  *Id.*  He reports writing twice to ask if he could send a money order and reopen the case.  *Id.*  Williams asserts he did not get the court's order in time to object because Kern Valley State Prison has been dealing with contraband, and all mail was delayed.  *Id.*  Williams again reports he has funds to pay the fee, and his brother will send a money order in with the case number once he has approval.  *Id.*  The Court construes this filing as a request to-reopen the case and for relief from judgment.

## II.    Requests for Reconsideration

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b).  *See*, *e.g.*, *Langley v. Well Path Med.*, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020).  A motion for reconsideration of a final judgment is appropriately brought under Rule 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  The motion must be filed no later than 28 days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Rule 60(b) governs the reconsideration of final orders of the district court.  This Rule

permits a district court to relieve a party from a final order or judgment "for the following reasons," including "mistake, inadvertence, surprise, or excusable neglect" and any other reason the Court finds that "justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

**III.     Discussion and Analysis**

Williams moved to reopen the action within 28 days of the entry of judgment. Accordingly, his first motion is timely under Rule 59. *See* Fed. R. Civ. P. 59(e). The second motion—dated May 27, 2026—was filed more than 28 days after the entry of judgment and must be considered under Rule 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (discussing the deadline distinction between motions for reconsideration under Rules 59 and 60).

Williams states in his motions that he did not receive the magistrate judge's findings and recommendations in time to file objections or to pay the filing fee. He indicates the institution where he is housed has been dealing with contraband, and that all mail was being delayed such that he did not timely receive the court's prior order. Williams asserts that he has the cash to pay the filing fee. Based on the identified circumstances, and in the interest of justice, the Court finds relief is warranted under both Rule 59(e) and Rule 60(b).

**IV.     Conclusion and Order**

1.     Plaintiff's motions to reopen the case (Docs. 15, 16) are GRANTED.

2.     The judgment entered on March 20, 2026 (Doc. 14) is VACATED.

3.     The Clerk of Court is directed to reopen this action.

4.     Within 30 days following service of this order, Plaintiff SHALL pay the $405.00 filing fee in full to proceed with this action.

**If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice for failure to prosecute.**

IT IS SO ORDERED.

   Dated:    June 8, 2026

_____
UNITED STATES DISTRICT JUDGE

3